# Exhibit 1

FILED

2026 SEP 17 PM 4:08

IN SUPERIOR COURT
JEFFERSON COUNTY CLERK

SUPERIOR COURT OF WASHINGTON IN AND FOR JEFFERSON COUNTY

THE CITY OF PORT TOWNSEND, a municipal corporation,

Plaintiff,

v.

VALLEY FORGE INSURANCE COMPANY, a for-profit corporation,

Defendant.

No. 26-2-00217-16

COMPLAINT

## I. PARTIES

1.1. Plaintiff, the City of Port Townsend ("the City"), is a Washington municipal corporation.

1.2. Defendant, Valley Forge Insurance Company, is a commercial insurance carrier and for-profit insurance corporation operating in various states throughout the country, including Washington.

## II. JURISDICTION AND VENUE

2.1. Defendant has at all relevant times done business in Jefferson County, Washington. Both jurisdiction and venue are proper. *See* RCW 2.08.010; RCW 4.12.025.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

2

## III. FACTUAL BACKGROUND

3.1. In 2024, Active Construction ("Active") successfully bid for the City's Water Street Sewer Replacement Project, a contract worth over $2.3 million. Among other things, Active committed to obtaining insurance and naming the City as an additional insured:

> **B. Minimum Amounts of Insurance**
>
> Contractor shall maintain the following insurance limits:
>
> 1. Automobile Liability insurance with a minimum combined single limit for bodily injury and property damage of $1,000,000 per accident.
>
> 2. Commercial General Liability insurance shall be written with limits no less than $1,000,000 each occurrence, $2,000,000 general aggregate and a $2,000,000 products-completed operations aggregate limit.
>
> **C. Other Insurance Provisions**
>
> The insurance policies are to contain, or be endorsed to contain, the following provisions for Automobile Liability, Commercial General Liability and Builders Risk insurance:
>
> 1. The Contractor's insurance coverage shall be primary insurance as respect the City. Any insurance, self-insurance, or insurance pool coverage maintained by the City shall be excess of the Contractor's insurance and shall not contribute with it.
>
> 2. The Contractor's insurance shall be endorsed to state that coverage shall not be cancelled by either party, except after thirty (30) days prior written notice by certified mail, return receipt requested, has been given to the City. The word "endeavor" is not acceptable language regarding the required notification.
>
> 3. The insurance policies shall include the City as Additional Named Insured.

3.2. The insurance required by the City included coverage of liability "arising from premises, operations, independent contractors, products-completed operations, personal injury… and liability assumed under an insured contract." Modification of liability for "underground property damage" was prohibited.

3.3. The insurance required by the City also required the minimums set forth in CG 00 01.

3.4. Active procured a commercial insurance policy from Defendant Valley Forge Insurance Company.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**ACORD™ CERTIFICATE OF LIABILITY INSURANCE**

DATE (MM/DD/YYYY): 11/25/2024

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer any rights to the certificate holder in lieu of such endorsement(s).

PRODUCER: [redacted]

CONTACT NAME: / PHONE (A/C, No, Ext): / E-MAIL ADDRESS: [redacted] FAX (A/C, No): [redacted]

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A : Valley Forge Insurance Company | 20508 |
| INSURER B : [redacted] | |
| INSURER C : | |
| INSURER D : | |
| INSURER E : | |
| INSURER F : | |

INSURED
Active Construction Inc
PO Box 430
Puyallup, WA 98371-0162

COVERAGES CERTIFICATE NUMBER: REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | X COMMERCIAL GENERAL LIABILITY | | | 5093447379 | 06/15/2024 | 06/15/2025 | EACH OCCURRENCE | $1,000,000 |
| | CLAIMS-MADE X OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $500,000 |
| | X PD Ded:5,000 | | | | | | MED EXP (Any one person) | $15,000 |
| | | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | POLICY X PRO-JECT LOC | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | OTHER: | | | | | | | $ |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Re: ACI Job No. 24-050 Water Street Sewer Replacement
Additional Insured Status applies per attached form(s). Coverage is primary and non contributory basis, per attached form(s). A waiver of subrogation applies as required by written contract and per attached form(s).

CERTIFICATE HOLDER
City of Port Townsend
250 Madison Street, Suite 1
Port Townsend, WA 98368

CANCELLATION
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

AUTHORIZED REPRESENTATIVE
Brent G. Heilesen

3.5. By design, this would protect the City's taxpayers from claims and liabilities arising out of Active's work. This was an essential element of the public works contract, without which the City would not have awarded the lucrative work to Active.

3.6. During Active's project, grout and related materials were allegedly permitted to enter and severely damage the side sewer and plumbing systems of Brownstone Port Townsend, LLC (d/b/a The Tides Inn & Suites) ("the Tides Inn").

3.7. In June 2026, the Tides Inn filed suit against the City in Jefferson County Superior Court, cause number 26-2-00109-16.

3.8. According to the Tides Inn's allegations, the damages arose out of the conduct of Active:



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

- The Project was performed by "contractors, subcontractors, and agents," which included installation and grouting of a new sewer line (Compl. ¶ 11);
- During construction the City's "contractors failed to identify, protect, secure and/or avoid Plaintiff's side sewer lines" (Compl. ¶ 15);
- The intrusion of grout and related materials obstructed and damaged Plaintiff's sewer lines (Compl. ¶ 16); and
- Subsequent investigations "confirmed that hardened grout and construction materials had infiltrated the hotel's sewer lines" (Compl. ¶ 23).

3.9. Immediately after receiving the suit, the City tendered the action to Defendant.

3.10. Washington's broad duty to defend[1] was triggered by the *Tides Inn* Complaint.

3.11. In tendering the action, the City was transparent about the need for a timely defense and the seriousness in which it takes these matters:

> … given the pendency of proceedings, we would ask that you contact us immediately so we can work together to transition the City's defense to competent counsel of your choice.
>
> If this tender is denied, or even delayed, the City will be forced to take other steps to protect its interests—none of which are its preference… The City simply wants the defense it bargained for when originally awarding its construction contract. But we also want to be transparent about how serious we take these matters. The City, as a government entity, is constitutionally prohibited from expending public funds to defend liability that is rightly borne by a private party. *See* Wa. Const. Art. VIII, § 7.

3.12. This correspondence and notice of claim triggered several mandatory duties, imposed on Defendant, under Washington law. Among them:

- A duty to acknowledge receipt within ten working days (WAC 284-30-360(1); (3));

---

[1] The duty is triggered "when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn.2d 751, 760, 58 P.3d 276 (2002) (quoting *Unigard Ins. Co. v. Leven*, 97 Wn. App. 417, 425, 983 P.2d 1155 (1999)); *see also Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 53–54, 164 P.3d 454 (2007) (recognizing duty when claims against insured are "conceivably covered"). "If there is any reasonable interpretation of the facts or the law that could result in coverage, the insurer must defend." *Am. Best Food, Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 405, 229 P.3d 693 (2010).



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

- Promptly provide any necessary claim forms, instructions, and reasonable assistance so that claimants can comply with any policy conditions and reasonable requirements (WAC 284-30-360(4));
- An investigation, which must be completed within 30 days absent notice that a reasonable investigation will take longer than that (WAC 284-30-370; WAC 284-30-380(3));
- If the Defendant intended to deny the City's claim, it must do so only after a reasonable investigation and present non-misleading rationale grounded in objective facts, law and policy language (WAC 284-30-330; WAC 284-30-350; WAC 284-30-370; WAC 284-30-380); and
- Defendant needed to maintain notes and work papers in enough detail to allow pertinent events and dates to be reconstructed (WAC 284-30-340).

3.13. None of this appears to have happened. The City's claim was never acknowledged or responded to. On information and belief, it was not investigated—or if it was, the investigation was deficient. Despite a duty to defend being owed, the City was left to defend the *Tides Inn* lawsuit at the taxpayers' expense.

3.14. The City then submitted notice to Defendant and the insurance commissioner of the inaction, consistent with Washington's Insurance Fair Conduct Act (IFCA).

3.15. Defendant ignored this, too.

## IV. CAUSES OF ACTION

### BREACH OF CONTRACT

4.1. The City incorporates the allegations above by reference.

4.2. There was an agreement in the form of an insurance policy, in which the City had rights as an insured.

4.3. By failing to honor that agreement as described above, Defendant breached the agreement.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4.4. Defendant's breach proximately caused damages in an amount to be determined at trial.

BAD FAITH

4.5. The City incorporates the allegations above by reference.

4.6. Defendant engaged in common law bad faith by, without limitation:

- Failing to properly investigate the City's requests and inquiries;
- Failing to respond to urgent communications;
- Failing to defend the *Tides Inn* lawsuit, despite a duty to do so;
- Forcing the City to initiate litigation to secure benefits; and
- Failing to promptly present a reasonable explanation for its position.

4.7. On information and belief, Defendant engaged in other forms of bad faith, which will be determined through additional investigation and discovery.

4.8. Defendant's bad faith proximately damaged the City in an amount to be determined at trial.

CONSUMER PROTECTION ACT (CPA), RCW 19.86.090

4.9. The City incorporates all the preceding paragraphs as if fully set forth herein.

4.10 Defendant engaged in unfair or deceptive acts or practices.

4.11 Defendant's conduct occurred in trade or commerce.

4.12 Defendant acted in bad faith.

4.13 Defendant's conduct affected the public interest.

4.14 Defendant's conduct caused injury to the City's "business or property," as those terms are defined for purposes of the CPA.

4.15 The City sustained damage because of Defendant's conduct.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4.16 The City seeks all remedies authorized under the CPA, including monetary damages, injunctive relief, enhanced damages, attorney fees, and costs. RCW 19.86.090.

<u>NEGLIGENCE</u>

4.17 The City incorporates all the preceding paragraphs as if fully set forth herein.

4.18 Defendant owed a duty of reasonable care to the City to ensure that its communications were timely, accurate, honest and non-misleading.

4.19 Defendant breached that duty.

4.20 Defendant's breach was a proximate cause of damage to the City.

4.21 The City is entitled to damages in an amount to be proven at trial.

<u>IFCA</u>

4.22 The City incorporates all preceding paragraphs as if fully set forth herein.

4.23 The City is a first party claimant.

4.24 Defendant unreasonably denied important benefits to the City in an unreasonable fashion, including without limit, a defense in the *Tides Inn* lawsuit.

4.25 The City complied with the 20-day notice requirement under IFCA, which did not lead to any new action (or acknowledgment) by Defendant, nor did it choose to cure its misconduct.

4.26 The City is entitled to recover actual damages.

4.27 The City is entitled to punitive damages under RCW 48.30.015.

4.28 The City is entitled to recover reasonable attorneys' fees and costs under IFCA.

## V. PRAYER FOR RELIEF

The City requests:



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

5.1. Special and general damages, which have already been incurred and which are reasonably likely to be incurred in the future;

5.2. Punitive damages as permitted by law;

5.3. Reasonable attorney fees and costs incurred as permitted by law and equity;

5.4. Prejudgment interest; and

5.5. Other and further relief as this Court may deem just and equitable in this cause.

DATED this 17th day of September, 2027.

KELLER ROHRBACK L.L.P.

By <u>*s/ Adam L. Rosenberg*</u>
Adam L. Rosenberg, WSBA #39256
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
arosenberg@kellerrohrback.com
Tele. 206.623.1900 | Fax. 206.623.3384
*Attorneys for Plaintiff City of Port Townsend*

4922-9133-3582, v. 3